UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELITA LOUIE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PIER 39 LIMITED PARTNERSHIP, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-03868-VC<br><br>**ORDER GRANTING MOTTION TO DISMISS**<br><br>Re: Dkt. Nos. 14, 18 |

　　The plaintiffs bring several related claims based on their allegedly wrongful eviction from their restaurant property on Pier 39. The lawsuit includes one federal claim for discrimination.

　　The complaint is fractured and difficult to understand, so the Court presents its understanding of the plaintiffs' allegations.[1] The complaint appears to allege that the defendants discriminated against Angelita Louie, a Filipino woman, by wrongfully evicting her business and failing to provide her with free rent and COVID relief funds and training. In support of this claim, the complaint alleges that in 2017, San Francisco gave $50,000 to two non-profit organizations and that it then allowed these organizations to operate a restaurant at the Fillmore Heritage Center without paying rent. The plaintiffs allege that it was discriminatory to deny them the same benefits, and this discrimination resulted in the eviction.

　　Even taking these allegations as true, the plaintiffs have not stated a plausible claim for discrimination. The fact that San Francisco provided benefits to two non-profit organizations in

---

[1] The plaintiffs' opposition impermissibly includes factual allegations not included in the original complaint. The Court does not consider those facts here.

2017 does not suggest that it discriminated against the plaintiffs' for-profit business by failing to give her free rent or payment assistance. The plaintiffs have not offered any other facts suggesting that their eviction was the result of discrimination. The plaintiffs' discrimination claim is therefore dismissed.

Because the federal claim, as pled, is "patently without merit," the Court lacks jurisdiction over the plaintiffs' state law claims. *Thompson v. Thompson*, 798 F.2d 1547, 1550 (9th Cir. 1986), *aff'd*, 484 U.S. 174, 108 S. Ct. 513, 98 L. Ed. 2d 512 (1988). In the alternative, the Court declines to exercise supplemental jurisdiction over the state-law claims. This case remains at an early stage, and concerns over comity, fairness, convenience, and judicial economy weigh against keeping it in federal court. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The Court is skeptical that the plaintiffs can state a federal claim, but in an abundance of caution, dismissal is with leave to amend. Counsel should ensure that an amended complaint is consistent with the requirements of Rule 11. If an amended complaint is not filed within 14 days, dismissal of the federal claim will be with prejudice (but the dismissal will be without prejudice to pursuing the state-law claims in state court).

**IT IS SO ORDERED.**

Dated: September 19, 2022

_____
VINCE CHHABRIA
United States District Judge