UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELITA LOUIE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PIER 39 LIMITED PARTNERSHIP, et al.,<br><br>    Defendants. | Case No. 22-cv-03868-VC<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 25 |

    The motion for attorney's fees is denied.

    The parties' lease provides: "Subject to the provisions of Section 24.9 [the arbitration provision], in any dispute resolution or other proceeding, including any action brought for a declaration of rights under or to enforce the provisions of this Lease, the prevailing party shall be entitled to receive from the other party all costs, expenses and reasonable attorney's fees as fixed by the arbitrator or court." Dkt. No. 14-1 at 61. The lease is governed by California law.

    "California law permits recovery for attorney's fees under two separate provisions." *In re Chen*, 345 B.R. 197, 200 (N.D. Cal. 2006). Section 1717 allows the prevailing party to recover attorney's fees incurred in the litigation of claims that are "on the contract." Cal. Civ. Code § 1717. Section 1021 permits recovery of attorney's fees by agreement between the parties. Cal. Civ. Code § 1021. Under section 1021, "The parties to a contract are free to agree that one or more of them shall recover their attorney fees if they prevail on a tort or other noncontract claim, but the right to recover those fees depends solely on the contractual language." *Brown Bark III, L.P. v. Haver*, 219 Cal. App. 4th 809, 820 (2013). The defendants insist that this case is governed by section 1717, and that limits their ability to recover fees at this time.

"Parties to a contract cannot enforce a definition of 'prevailing party' different from that provided in section 1717." *City of West Hollywood v. Kihagi*, 16 Cal. App. 5th 739, 753 n.9 (2017). And section 1717 defines "prevailing party" to mean "the party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). Given this definition, a court may only determine which party has prevailed "upon final resolution of the contract claims." *Marina Pacifica Homeowners Assn. v. Southern California Financial Corp.*, 20 Cal. App. 5th 191, 201 (2018). A "party does not become the prevailing party under [section 1717] merely by…moving [a contractual dispute] from one forum to another." *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 976 (2017).

While judgment was entered in favor of the defendants on the federal discrimination claim, the prior order dismissed the state-law claims for lack of jurisdiction. Because the state-law claims remain unresolved, there has been no "final resolution," and it is too soon to determine which party has prevailed under section 1717. If the defendants prevail in state court, they may nonetheless be entitled to obtain an award from the state court that includes fees incurred in these federal proceedings. *Id.* at 977 n.1.

**IT IS SO ORDERED.**

Dated: November 29, 2022

VINCE CHHABRIA
United States District Judge